IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TYRONE EVERETT PAYNE,<br><br>Plaintiff,<br><br>vs.<br><br>GORDON SCHMILL,<br><br>Defendant. | CV 16-00042-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Tyrone Payne, proceeding pro se, has filed a Complaint alleging malicious prosecution, invasion of privacy, and illegal search and seizure against Missoula County Sheriff's Deputy Gordon Schmill. The Complaint should be dismissed because it fails to state a federal claim upon which relief may be granted.

**I. STATEMENT OF THE CASE**

At 11:00 p.m. on September 9, 2015, Payne's car was parked near the exit of a driveway to a dental clinic in Frenchtown, Montana, when Deputy Schmill stopped his police cruiser near Payne's vehicle. When Payne saw Deputy Schmill exiting his partrol car, he drove away. Schmill activated his emergency lights and

1

followed Payne. When Payne stopped his vehicle in the parking lot of a bar he "made contact" with the bumper of a parked vehicle.

After engaging Payne and determining that he was on probation, Schmill contacted Payne's probation officer, who instructed Schmill to hold Payne. Schmill also searched Payne's vehicle and seized items which formed the basis of several misdemeanor citations, and he arrested Payne. Payne contends he was arrested without probable cause. According to a disclosure statement filed by Missoula County Sheriff T.J. McDermott in another of Payne's lawsuits, Payne was held in the Missoula County Detention Facility on a $25,000.00 bond. *Payne v. McDermott*, Civil Action No. 15-cv-151-M-JCL, Doc. 26 at 1, 2. According to Payne, all charges emanating from the September 9, 2015 arrest were ultimately dismissed.

Payne filed a Notice of Disposition of Related cases indicating that the charges arising from the incident on September 9, 2015 were dismissed in the interest of justice on February 5, 2016. (Doc. 7.)

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915

### A. Standard

Because Payne is proceeding in forma pauperis, the Court must screen his Complaint under 28 U.S.C. § 1915 and, prior to effecting service on the

Defendant, dismiss any portion of the Complaint which is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune." A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint must set forth "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id*. It must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*quoting Bell*, 550 U.S. at 555) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson*, 551 U.S. at 94; *Cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

**B. Analysis**

Payne's Complaint fails to adequately state claims for malicious prosecution, invasion of privacy, and illegal search and seizure. Without knowing

3

whether any determination of probable cause or basis to stop was adjudicated in state court, it is clear from the facts alleged that Deputy Schmill was justified in his actions of September 9, 2015. Payne was parked on the side of the road late at night, fled the scene when he saw a law enforcement officer approach his vehicle (Complaint, Doc. 2 at 11, ¶ 11), and ultimately collided with a parked vehicle. Unprovoked flight and nervous/evasive behavior is a pertinent factor in determining reasonable suspicion to stop a vehicle. *Illinois v. Wardlow*, 528 U.S. 119, 124 (2000). As stated in *Wardlow*, "unprovoked flight is simply not a mere refusal to cooperate." *Id.* at 125. Deputy Schmill was completely justified in stopping Payne. Thereafter, upon recognition that Payne was on probation, the search of his vehicle and his detention based upon instructions from a probation officer were justified. Payne does not state a federal cause of action against Deputy Schmill.

## III. CONCLUSION

28 U.S.C. § 1915 requires the dismissal of a complaint that fails to state a claim upon which relief may be granted but do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts."

4

*Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

Payne has failed to state a claim upon which relief may be granted.  These are defects which could not be cured by amendment.  This matter should be dismissed.

Based upon the foregoing, the Court issues the following:

**RECOMMENDATIONS**

1. This matter should be dismissed.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  The record makes plain that the Complaints filed in this case are frivolous as they lack arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Payne may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 26th day of April, 2016.

*/s/ Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.